IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER LEE SNYDER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-1446 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Roger Lee Snyder, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two state felony convictions for indecency with a child. Respondent filed a motion for summary judgment, seeking dismissal on the ground that Snyder filed this petition too late. (Docket Entry No. 8). Respondent filed a copy of the state court record. Snyder filed a response. (Docket Entry No. 9). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I. Background**

Snyder pleaded guilty to two felony charges of indecency with a child. (Cause Numbers 873065 & 873066). On April 27, 2001, the state trial court sentenced Snyder to ten years of imprisonment. Snyder did not appeal the convictions. On October 3, 2003, Snyder filed two applications for state habeas corpus relief, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a

hearing, on February 11, 2004. *Ex parte Snyder,* Application No. 58,125-01 at cover; *Ex parte Snyder,* Application No. 58,125-02 at cover.

On April 9, 2004, this court received Snyder's federal petition. The petition was filed when Snyder gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Ordinarily, a court will presume that a prisoner deposited his federal petition in the prison mail on the date he signed it. Because Snyder did not date the petition, the court will consider the date of filing as the date he executed his application to proceed as a pauper. Snyder signed his application to proceed as a pauper on April 7, 2004. This court received the federal habeas petition and the application to proceed as a pauper on the same date, April 9, 2004. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Snyder contends that his convictions are void for the following reasons:

(1)  his mental incompetency made his guilty plea involuntary;

(2)  the trial court erred in accepting his plea bargain under Texas Code of Criminal Procedure art. 26.13 section 6, which prohibits the state from taking advantage of mentally restricted individuals; and

(3)  counsel rendered ineffective assistance.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

The threshold issue is whether this petition was filed too late to permit this court to consider Snyder's claims.

**II.    Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The trial court convicted Snyder on April 27, 2001. Snyder's judgment became final when the time expired for filing an appeal in the Texas Court of Appeals, on May 27, 2001. The one-year limitations period ended on May 27, 2002. Snyder did not file this suit until April 2004.

A properly-filed application for state post-conviction relief tolls the federal limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Snyder's state habeas applications did not toll the federal limitations period, however, because Snyder filed the state applications after the federal limitations period had ended. *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). The one-year federal limitations period began on May 27, 2001, but Snyder waited until October 3, 2003 before filing his state habeas applications.

The statute of limitations can be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)), *cert. denied*, 121 S. Ct. 622 (2000); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Id.*, quoting *Davis,* 158 F.3d at 811. Snyder appears to argue that because he was mentally incompetent, the limitations period should be tolled. Snyder argues that when he pleaded guilty, he was receiving medication for depression and that he was placed on a suicide watch at the jail.[1] (Docket Entry No. 3, Petitioner's Memorandum, p. 1). Snyder asserts that the trial court did not wait for the psychiatric evaluation to be completed before the guilty plea. Snyder explains that he has a long history of mental problems and that medical personnel at the Ellis Unit have also determined that he has mental problems for which he is taking medication.

---

[1]*Ex parte Snyder,* Application No. 58,125-01 at 17.

Construing his filings liberally, Snyder contends that his mental disability should toll limitations and permit the filing of this suit. The Fifth Circuit has recognized that mental incompetency can support the equitable tolling of limitations. *See, e.g., Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999). In *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999), the prisoner, Fisher, sought equitable tolling for the time that he spent in a prison psychiatric ward. On September 6, 1996, Fisher had been transferred to the psychiatric ward for evaluation and care after a violent episode. On the ward, Fisher was medicated, deprived of his eyeglasses, and deprived of writing or legal materials. Fisher was returned to his regular facility on September 23, 1996. He filed his habeas suit seventeen days too late. The Fifth Circuit concluded that these facts did not warrant equitable tolling, explaining as follows:

> Combined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a *pro se* petitioner such as Fisher simply cannot pursue his legal rights during such a period. But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling. The period during which Fisher could not work on his federal habeas petition, although outcome determinative here, is not a significant length of time. More importantly, he still had over six months to complete his federal habeas petition after his return to his usual quarters. If this event had occurred shortly before the required filing, Fisher would have a stronger case. But considering it occurred at a time so remote to his deadline, and absent a showing that he diligently pursued his application the remainder of the time and still could not complete it on time, equity does not require tolling.

*Fisher*, 174 F.3d at 715–16.

In *Brown v. Parkchester South Condominiums*, 287 F.3d 58, 60 (2d Cir. 2002), the Second Circuit found that equitable tolling may be appropriate when a prisoner's failure to comply with the statute of limitations is attributable to a mental illness or condition. The court recognized that making such a judgment can be difficult, because "mental illnesses are as varied as physical illnesses." *Cf. Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (denying equitable tolling and rejecting plaintiff's "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights").

During the state habeas corpus proceedings, Snyder's defense counsel, Eric S. Hagstette, submitted an affidavit about his representation. *Ex parte Snyder,* Application No. 58,125-01 at 33-36; *Ex parte Snyder,* Application No. 58,125-02 at 31-34. Counsel stated that he was aware from the beginning of his representation of Snyder that his client had a history of depression as well as a history of alcohol and drug abuse. Counsel noted that the trial judge was very interested in mental health issues, and in an apparent abundance of caution, placed Snyder on a suicide watch because she was aware that he had attempted suicide in 1992. Counsel had no record of the judge ever having ordered a mental health evaluation. In light of Snyder's history of depression, counsel would have been especially careful to ensure that Snyder had an understanding of his legal status and was able to participate in his legal defense. Counsel recalls that Snyder, like most newly-incarcerated individuals, was depressed. Counsel determined that Snyder's depression did not prevent counsel from communicating with his lawyer. Counsel did not believe that a competency

evaluation was necessary. Snyder was coherent, understood counsel's questions and comments, and made appropriate responses. Counsel did not have any concern that Snyder did not understand the charges against him. Snyder contacted counsel by telephone on three occasions and stated that he wanted to enter a plea early to avoid the possibility of enhancements and consecutive, rather than concurrent, sentences on the two charges. Counsel conveyed the prosecutor's plea offer of fifteen years. Counsel talked to Snyder about the risk of impeachment in the event Snyder proceeded to trial and testified. Snyder and his counsel agreed to make a counter-offer of seven years. The prosecutor then offered a ten-year sentence for both of the two cases, and Snyder eagerly accepted. Counsel had no doubt about Snyder's competency during the guilty plea. Although counsel does not recall the specific colloquy between Snyder and Judge Krocker, counsel notes that Judge Krocker is particularly careful with the admonishments when the defendant has a history of mental illness. Counsel never felt that Snyder lacked the ability to communicate with counsel or lacked an understanding of the proceedings.

The record shows that during the guilty plea proceedings, both defense counsel and the trial judge stated their conclusion that Snyder was mentally competent to enter the guilty plea. *Ex parte Snyder,* Application No. 58,125-01 at 47; *Ex parte Snyder,* Application No. 58,125-02 at 45. The state habeas court found, based on the affidavit of Snyder's counsel, that at the time of the guilty plea, Snyder was able to consult with his lawyer with a reasonable degree of rational understanding and could understand the proceedings against him. *Id*. at 41, finding 8. Snyder bears the burden of showing that his mental condition

prevented him from pursuing his legal rights. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *see also Fisher*, 174 F.3d at 715. Other than a conclusory allegation, Snyder provides no basis for this court to conclude that his mental state was so impaired that he could not pursue his legal remedies before the one-year statute of limitations expired in May 2002. Snyder did not file any habeas challenge to his convictions until October 2003, nearly two and one-half years after his convictions became final. Snyder's delay in filing his state habeas applications weighs against equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Snyder does not identify any specific period from May 2001 to May 2002 during which he could not work on his federal habeas petition. Snyder does not identify the specific problems that kept him from filing a habeas petition in 2001 and 2002, or how those problems changed when he filed his state habeas application in 2003. Snyder has not shown in what specific respects he lacked the mental capacity to pursue his legal rights during the relevant period or explain how he was able to do so later. The record indicates that Snyder did not have a degree of mental incompetence that supports equitable tolling. *See Fisher v. Johnson*, 174 F.3d at 715 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind).

Snyder does not identify any other grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before

the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process and lack of representation during the filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Snyder's status as an unskilled layperson does not excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).

     Snyder does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Snyder from filing an application for federal habeas relief before the end of the limitations period. 28

U.S.C. § 2244(d)(1)(B).  Snyder's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).  Snyder's claims relate to his guilty plea that occurred on April 27, 2001.  Snyder has not shown that he did not know of the factual predicate of his claims within the limitations period.  28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The pleadings and state court records show that Snyder's federal petition is untimely.  Respondent is entitled to judgment as a matter of law.

## III.   Conclusion

Respondent's motion for summary judgment, (Docket Entry No. 8), is granted. Snyder's petition for a writ of habeas corpus is denied.  This case is dismissed with prejudice. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are

suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Snyder has not made the showing necessary for issuance of a COA.

SIGNED on July 29, 2005.

_____

Lee H. Rosenthal
United States District Judge